**UNITED STATES of America,**
**Appellee,**

v.

**Mauriel GLOVER, aka Feet,**
**Defendant–Appellant.**

**No. 10–2827.**

United States Court of Appeals,
Second Circuit.

Jan. 18, 2012.

David J. Wenc, Windsor Locks, CT, for Appellant.

Marc H. Silverman, Sandra S. Glover, Assistant United States Attorneys, for David B. Fein, United States Attorney for the District of Connecticut, New Haven, CT, for Appellees.

PRESENT: DENNIS JACOBS, Chief Judge, RICHARD C. WESLEY, SUSAN L. CARNEY, Circuit Judges.

### *SUMMARY ORDER*

Mauriel Glover appeals from a judgment of conviction, following a guilty plea to one count of conspiring to possess with intent to distribute and to distribute fifty grams or more of a mixture and substance containing cocaine base. Glover argues that the district court erred in denying his motion to withdraw his guilty plea. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

"A defendant may withdraw a plea of guilty ... after the court accepts the plea, but before it imposes sentence if ... the defendant can show a fair and just reason for requesting the withdrawal." Fed. R.Crim.P. 11(d)(2)(B). The district court did not abuse its discretion in denying Glover's motion. *See United States v. Schmidt,* 373 F.3d 100, 102 (2d Cir.2004) (per curiam).

Glover argues that his plea was a result of threats and misrepresentations made by the prosecutor and his former defense counsel. These assertions contradict his statements at the plea allocution. A "defendant's bald statements that simply contradict what he said at his plea allocution are not sufficient grounds to withdraw [his] guilty plea." *United States v. Gonzalez,* 647 F.3d 41, 56 (2d Cir.2011) (alteration in original) (internal quotation marks omitted). Furthermore, Glover's motion to withdraw his guilty plea came nearly two years after he entered it, and he has not asserted his innocence. *See United States v. Carreto,* 583 F.3d 152, 157 (2d Cir.2009) (listing factors the Court considers in analyzing a motion to withdraw a guilty plea).

Finding no merit in Glover's remaining arguments, we hereby **AFFIRM** the judgment of the district court.